UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Elizabeth Grant, | ) C/A No.: 6:09-3150-HFF-BHH |
| Plaintiff, | ) |
| vs. | ) |
| Lockheed Martin, for Clyde Grant, deceased;<br>Packer Plant Automotive, for wrongful death;<br>Greenville County School District;<br>Kendall Company;<br>John Hancock Insurance Company and Retirement Funds;<br>Colonial Insurance Company;<br>American Express 401K;<br>Propertys at 29 MayFlower. Ave;<br>Property at 15 MayFlower Ave;<br>Prestige Cleaning Service;<br>Nutra Manufacturing, sexual harassment on job;<br>State of South Carolina, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>) for Partial Summary Dismissal<br>)<br>)<br>) |
| Defendants. | ) |

The Plaintiff, Elizabeth Grant (Plaintiff), proceeding *pro se*, filed this fee-paid civil action on December 4, 2009.[1] (Docket Entry No. 1). As the Plaintiff is a *pro se* litigant, her pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). The mandated liberal construction afforded to *pro se* pleadings means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

F.3d 1128, 1133 (10th Cir. 1999), or construct a plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Further, the requirement of liberal construction does not allow the court to ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff claims that Defendant Nutra Manufacturing (Nutra) terminated Plaintiff's employment in December of 2004 for allegedly being involved in illegal activity. Plaintiff also states that she was sexually harassed by a Nutra Employee. (Complaint, page 4). Later in the pleading, Plaintiff states that she fell twice at Nutra prior to the termination of her employment. Plaintiff names Defendant Colonial Insurance Company for failing to pay benefits after Plaintiff's accidents at Nutra. (Complaint, page 6). Plaintiff seeks "back pay," from Nutra ,(Complaint, page 2), and the reinstatement of her job (Complaint, page 9).

Plaintiff also claims that: (1) she didn't receive "money from [Defendant] Parker Plant Automotive when [Plaintiff] left to take care of mom for 3 to 4 years;" (2) Defendant "John Hancock Insurance Company claim my dad didn't have Insurance with them when he died to pay burial expenses;" and (3) "the property at 15 and 29 MayFlower Ave were taken away from me because I was accuse of messing up the mortgage." (Complaint, page 5). Plaintiff seeks retirement money from Defendants Greenville County School District and "Textile and Cleaning Service (Prestige Cleaning Service)," (Complaint, page

2), and indicates that she worked "for Kendall Company for 8 or 9 months in 72" (Complaint, page 9). Plaintiff references "401K monies stolen from [her] account," (Complaint, page 2), which appear to be associated in some manner with Defendant American Express 401K. Defendant Lockheed Martin is named in connection with Plaintiff's deceased father, Clyde Grant. It is not clear from the pleadings why Plaintiff names the State of South Carolina as a Defendant in this action.

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The Plaintiff's complaint is subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous.[2] *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000). *See also Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307-308 (1989) (mentioning in *dicta* that "[s]tatutory provisions may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Pillay v. INS*, 45 F.3d 14, 16-17 (2nd Cir. 1995) (noting that where a

---

[2]Authority in this District indicates that pre-screening, under 28 U.S.C. § 1915, is inapplicable in *pro se,* non-prisoner, fee-paid cases. *See Bardes v. Magera*, C/A No. 2:08-487-PMD-RSC, 2008 WL 2627134 at *8-10 (D.S.C. June 25, 2008) (finding persuasive the Sixth Circuit's opinion in *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999), that § 1915(e)(2) is inapplicable to actions that are not pursued *in forma pauperis*); *Key v. United States Dep't of Transp.*, No. 2:01-CV-3076-18RB (D.S.C. Dec. 7, 2001, Order)(finding that a *pro se* non-prisoner plaintiff has to invoke § 1915 before the pre-screening under § 1915 applies to the case). This Court is *not* conducting an initial review pursuant to 28 U.S.C. § 1915(e)(2).

*pro se* party filed an appeal and paid the filing fee, 1915(d) was not applicable, however, the Court had "inherent authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous"); *Larrimore v. Bank of New York Mellon*, Civil Action No. 4:09-1647-TLW-TER, 2009 WL 4920776 at *1 (D.S.C. December 11, 2009).

Plaintiff's complaint could be liberally construed as an action alleging employment discrimination against Defendant Nutra Manufacturing. However, Plaintiff's claims against the remaining Defendants are largely unintelligible. Plaintiff's complaint discusses various checking, insurance and retirement accounts, associated with Plaintiff and her parents, that are missing money. The pleading is also comprised of assertions regarding "furniture taken out of storage back in the 90's," and mortgages taken out on the properties located on MayFlower Avenue. (Complaint, pages 2, 5, 6 and 9). Plaintiff apparently took out the aforementioned mortgages, but states, "it seem that something was controlling I myself to do it. Even though I didn't even know how to go about taking out a mortgage 1st 2nd or 3rd." (Complaint, page 5). Later in the complaint, Plaintiff states, "yes the mortgages was taken out by me but why, I really don't know . . . like someone had control over me telling me what to do." (Complaint, page 6). Plaintiff also alleges that she was forced to put several grandchildren "up for adoption." (Complaint, page 4). The relief section of Plaintiff's complaint asks the Court to "try to find or get my two grand children back." (Complaint, page 7).

The instant complaint is largely incomprehensible and fails to allege facts to support a cause of action against any of the named Defendants, except Defendant Nutra Manufacturing. As such, Defendants Lockheed Martin, Parker Plant Automotive, Greenville County School District, Kendall Company, John Hancock Insurance Company

and Retirement Funds, Colonial Insurance Company, American Express 401K, Propertys at 29 MayFlower Ave., Property at 15 MayFlower Ave., Prestige Cleaning Service, and the State of South Carolina are entitled to summary dismissal from this action. *Rolle v. Berkowitz*, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678, at *1 (S.D.N.Y. Feb. 11, 2004) (finding it appropriate to dismiss *sua sponte* and with prejudice a fee-paying *pro se* plaintiff's action when the claims presented no arguably meritorious issue to consider); *Cummings v. Giuliani*, No. 00 Civ. 6634 SAS, 2000 WL 1597868, at *2 (S.D.N.Y. Oct. 24, 2000) (dismissing a non-prisoner *pro se* fee-paid civil action that presented no arguably meritorious claim).

## Recommendation

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process as to Defendants: Lockheed Martin; Parker Plant Automotive; Greenville County School District; Kendall Company; John Hancock Insurance Company and Retirement Funds; Colonial Insurance Company; American Express 401K; Propertys at 29 MayFlower Ave.; Property at 15 MayFlower Ave.; Prestige Cleaning Service; and the State of South Carolina. Issuance of the summons for the remaining Defendant, Nutra Manufacturing, is directed in an Order filed simultaneously with this Report and Recommendation. The Plaintiff's attention is directed to the important Notice on the next page.

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

January 6, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).