UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Elizabeth Grant,            ) C/A No. 6:09-03150-HFF-BHH
                            )
            Plaintiff,      )
                            )
vs.                         )
                            )
Nutra Manufacturing,        ) **Report and Recommendation**
                            )
            Defendant.      )
_____

The Plaintiff, Elizabeth Grant (Plaintiff), proceeding *pro se*, brings this action alleging employment discrimination against Defendant Nutra Manufacturing. The complaint should be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and for failure to effect service of process within the time period allowed by Rule 4(m) of the Federal Rules of Civil Procedure[1].

The instant fee-paid civil action was filed on December 4, 2009. (Docket Entry No. 1). On January 6, 2010, an Order was filed, directing the Clerk of Court to issue the summons and to forward the issued summons to the *pro se* Plaintiff for service of process on the Defendant. (Docket Entry No. 20).[2] No proof of service was received from the

---

[1] Fed. R. Civ. P. 4(m) states as follows:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. . . .

[2] Plaintiff provided the following service address for the Defendant: 1050 Woodruff Road, Greenville, S.C. 29607.

Plaintiff. Therefore, on April 12, 2010, a Docket Text Order was filed, which directed Plaintiff to file her proof of service by April 26, 2010. (Docket Entry No. 38). Plaintiff failed to respond to the Court's Docket Text Order.

As set out above, a review of the record indicates that the time allowed by the Federal Rules of Civil Procedure for service on the sole Defendant has expired. Plaintiff has failed to prosecute her claims against Defendant Nutra Manufacturing, therefore, this Defendant should be dismissed from the instant case.

## Recommendation

It is, therefore, recommended that Plaintiff's claims against Defendant Nutra Manufacturing, as well as the entire action, be dismissed *without* prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and for failure to effect service of process as required by Fed. R. Civ. P. 4(m). Plaintiff's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

May 18, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).