

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

| | | |
|---|---|---|
| ELIZABETH GRANT, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:09-3150-HFF-BHH |
| | § | |
| LOCKHEED MARTIN et al., | § | |
| Defendants. | § | |

## ORDER

This case was filed as a job discrimination action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's claims against Defendant Nutra Manufacturing, as well as the entire action, be dismissed *without* prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and for failure to effect service of process as required by Fed. R. Civ. P. 4(m). The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 18, 2010, and the Clerk of Court entered Plaintiff's objections to the Report on May 21, 2010.

The Court reviewed Plaintiff's May 21, 2010, objections in which she stated that "[e]verything was filed and sent to [the Court]; and there is nothing else to be mailed." (May 21, 2010, Objections 1.) In light of this contention, and in an abundance of caution, on May 24, 2010, the Court again ordered Plaintiff to provide proof of service as to Defendant Nutra Manufacturing. That submission was due to the Court by June 4, 2010. Instead of providing proof of service as ordered to do, in a letter to the Court filed on May 28, 2010, Plaintiff stated that "[t]he information [the Court is] asking for is already file[d] with the District Court." (May 28, 2010, Letter 1.)

From its review of the record in this case, however, it appears to the Court that proof of service as to Defendant Nutra Manufacturing has not been filed. Therefore, the Court is left to conclude that Plaintiff has failed to submit her proof of service as to Defendant Nutra Manufacturing. Surely if she had the proof of service and was ordered by the Court to provide it, she would submit it--even if she had already submitted it. It is obvious from the recurring Orders that the Court does not have the proof of service on file. Moreover, the fact that Defendant Nutra Manufacturing has not made an appearance in the case suggests that it has not been served.

Therefore, inasmuch as Plaintiff has failed to provide her proof of service as to Defendant Nutra Manufacturing, although repeatedly ordered to do so, dismissal is appropriate. The Court will enter judgment accordingly.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent that it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court that

Plaintiff's claims against Defendant Nutra Manufacturing, as well as the entire action, is **DISMISSED** *without* prejudice for failure to comply with the Court's Orders, pursuant to Fed. R. Civ. P. 41(b), and for failure to effect service of process as required by Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED**.

Signed this 24th day of June, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.